Payne *v.* Payne.

(*Nashville.* January 18, 1896.)

MARRIED WOMAN. *Liable for costs of her unsuccessful suit for divorce.*

A married woman may be adjudged to pay the costs of her unsuccessful suit for divorce.

Code construed: § 3309 (M. & V.); § 2451 (T. & S.).

---

FROM DAVIDSON.

---

Appeal in error from the Circuit Court of Davidson County. J. W. BONNER, J.

MERRITT & BRIEN for Plaintiff.

COLYAR, WILLIAMSON & COLYAR and R. B. SLOAN for Defendants.

CALDWELL, J. Isadora L. Payne filed the original bill in this case to obtain a divorce from her husband, Thomas L. Payne, on the alleged ground of cruel and inhuman treatment and abandonment. Thereupon he filed a cross-bill, seeking a divorce from her upon a charge of habitual drunkenness. The Court, on final hearing, dismissed both bills, and adjudged that each party pay his and her "own costs."

Complainant in the original bill appealed from so much of the judgment as required her to pay her own costs. Her counsel assign error, and contend that, inasmuch as she was "a married woman, under the disability of coverture, without separate property," the Court below had no legal right to adjudge any part of the costs against her.

It is a general and familiar rule of law that a personal judgment cannot be rendered against a married woman; but that rule does not apply in this State so far as the costs in a divorce suit are concerned. Section 3309 of the Code (M. & V.) authorizes a married woman to file a bill for divorce in her own "proper person and name," as Mrs. Payne did in this case; and § 3334 of the same compilation provides that "the Court may decree costs against either party, except a female in whose favor a decree is made, and may award execution for the same," etc. By the plain terms of this statute the costs may be adjudged against "either party"—the woman or the man—in every instance except one. If "a decree is made" in favor of a woman, she cannot be required to pay the costs, or any part of them; otherwise she may. The decree or judgment in this case was not made in favor of Mrs. Payne, but against her. Hence, she is not within the exception, and the trial Judge was authorized, in his discretion, to require her to pay a part of the costs.

Affirmed.